IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| 8665 NORTH COVE, LLC,<br><br>                        Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY,<br><br>                        Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:12CV237DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff 8665 North Cove, LLC's ("North Cove") Motion to Stay Proceedings under Rule 26 of the Federal Rules of Civil Procedure and the court's inherent power to control its docket. The motion is fully briefed and neither party has requested oral argument on the motion. The court also finds that oral argument would not significantly aid in the determination of the motion. Accordingly, the court enters the following order based on the memoranda submitted by the parties and the law and facts relevant to the motion.

BACKGROUND

North Cove moves to stay all proceedings pending the trial of a lawsuit between North Cove and S&S Roofing Inc. pending in Utah state court. Both that case and the present case seek recovery of the same damages for the same leaky roof. In the state court action, North Cove seeks damages and repair costs it incurred due to S&S's allegedly defective workmanship performed on North Cove's property located at 8665 North Cove, Park, City, Utah. Defendant

American Family Insurance is providing S&S's defense to the state court action.

American Family is also North Cove's insurer.  In addition to suing S&S for damages, North Cove submitted a claim under its policy to American Family for damages resulting from the leaky roof.  American Family denied North Cove's claim.  North Cove sought leave to add American Family as a party to its state court action against S&S.  However, the state court denied the request.  North Cove then commenced the present lawsuit against American Family in state court, and American Family removed the action to this court.

North Cove's trial against S&S in the state court action is set for a three day bench trial beginning on April 9, 2013.  North Cove seeks a stay pending the trial because if it prevails at trial against S&S Roofing, then the instant action would no longer be necessary as North Cove will have recovered its damages for the leaky roof.

DISCUSSION

Both parties acknowledge that this court has discretion as to whether it will stay the current action.  *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 255.  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.*  The movant for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.*

The parties dispute whether the stay will "work damage" to American Family.  American Family argues that it seeks to complete this case as soon as possible.  The present

scheduling order in this case sets a discovery deadline for May 29, 2013, a dispositive motion deadline for July 19, 2013, and a three-day trial for January 6, 2014.  If a stay is granted, the court would presumably need to extend all these deadlines by approximately four months.  A declaration that a stay will preclude a party from completing the case as soon as possible does not demonstrate "damage."

American Family also asserts that, despite North Cove's contention otherwise, North Cove's recovery against it is not dependent on the success or failure of North Cove's claim against S&S.  American Family's assertion is only partial correct. If North Cove is successful in its recovery against S&S, then this case is resolved because North Cove would have no claim against American Family for the same damages.  If North Cove is unsuccessful against S&S, then American Family is correct that North Cove would still need to prove that the leaky roof damages were are covered under its policy with American Family.

Clearly, there are no guarantees as to the result of North Cove's state court action against S&S.  However, again, the only potential harm to American Family is a delay of approximately four months.  American Family makes no  assertion as to how a four-month delay would create prejudice apart from the delay itself.  There is no allegation that evidence will be lost or memories will fade.  American Family is involved in both cases.  Because it is providing S&S's defense in the state court action, it is aware of the proceedings and evidence in both cases.

If North Cove's case against S&S is successful, then both parties to this action would be benefitted by a stay because neither will incur unnecessary legal expenses.  The court will also be benefitted because a stay would preclude any time and resources from being spent on discovery disputes or other matters that may arise.  The potential benefits if North Cove's case

against S&S is successful appear to outweigh the four-month delay if North Cove's case against S&S is unsuccessful.  If this court agrees to only move the deadlines in the scheduling order by four months as a result of the stay, American Family can be assured that the stay will not result in any undue delay.  Therefore, the court grants North Cove's motion to stay.

## CONCLUSION

Based on the above reasoning, Plaintiff 8665 North Cove, LLC's Motion to Stay is GRANTED.  All proceedings in this case are stayed until April 12, 2013.  The deadlines in the current August 1, 2012 Scheduling Order are extended by four months.  The new trial date in this matter is set for May 6, 2014.

DATED this 9th day of January, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge