# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **8665 NORTH COVE, LLC,**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:12CV237DAK<br><br>Judge Dale A. Kimball |

　　　　This matter is before the court on Defendant American Family Mutual Insurance Company's Motion for Summary Judgment. On May 29, 2014, the court held a hearing on the motion. At the hearing, Plaintiff was represented by John W. Holt and Defendant was represented by Sadé A. Turner. The court took the motion under advisement. The court has carefully considered all pleadings, memoranda, and other materials submitted by the parties. The court has further considered the law and facts relevant to the parties' motions. Now being fully advised, the court enters the following Memorandum Decision and Order.

## BACKGROUND

　　　　8665 North Cove LLC ("North Cove") brought this case alleging a breach of contract relating to insurance coverage for alleged damage to a home located at 8665 North Cove ("the Property"). North Cove owns the property and has a Homeowners insurance policy ("the Policy") on the Property with Defendant American Family Insurance. The named insureds under

the Policy are John and Heidi Carnesale.

On or about August 30, 2007, North Cove entered into a contract with S&S Roofing, Inc. to install a roof on the Property. S&S performed roofing work on the Property in 2008. In the spring of 2008, before S&S completed performance of its construction work, Carnesale discovered that problems with the construction were causing water leakage and resulting damage to his home.

As a result of the alleged damage, in April 2009, North Cove brought counterclaims against S&S, alleging defective construction ("S&S Suit"). S&S had initiated the lawsuit seeking compensation for the work it performed on the Property. In February 2013, S&S filed a Rule 68 Offer of Judgment in the amount of $30,000.00 and gave North Cove ten days to accept the offer. North Cove accepted the offer, which concluded the lawsuit.

On April 7, 2011, North Cove made a claim for coverage to American Family for coverage under the Policy for the water damage done to the Property. On May 10, 2011, American Family denied North Cove's claim for coverage based in part on North Cove's failure to comply with the terms and conditions of the Policy relating to notice. American Family also reserved the right to deny coverage for any additional reasons that may be brought to American Family's attention. As a result of the denial, North Cove brought this lawsuit against American Family on January 27, 2012.

In April 2009, Carnesale entered into an Assignment with North Cove, assigning any claims Carnesale may have against American Family based on the Policy. American Family did not learn of the assignment of claims until discovery in this case in July, 2012.

North Cove admits that the damages alleged in the Complaint are the result of faulty,

inadequate, and/or defective construction, materials, design, workmanship, and/or specifications. North Cove took the position in the S&S Suit that S&S was responsible for the damages from the defective construction work which are now the subject of this lawsuit. Because S&S was also insured by American Family Insurance, American Family had a duty to defend S&S in the S&S Suit. In that case, S&S asserted that it did not provide defective workmanship. American Family was not a party to the S&S Suit and thus could not assert a position, but it paid for S&S's defense.

The relevant provisions of North Cove's Policy on the Property include an exclusion for workmanship and a notice requirement in the event of a loss. The exclusion applies to faulty, inadequate, or defective construction, reconstruction, repair, remodeling, renovation, design, or workmanship. However, the exclusion has a resulting loss provision that would provide coverage for "any resulting loss to property . . . not excluded or excepted in this policy." The notice requirement states that "[i]n the event of a loss to property that this insurance may cover" the insured must "give notice as soon as reasonably possible" to American Family or its agent.

## DISCUSSION

American Family seeks summary judgment on North Cove's breach of contract, implied covenant of good faith and fair dealing, punitive damages, and unjust enrichment claims.

### 1. Breach of Contract Claim

American Family seeks summary judgment on North Cove's breach of contract, arguing that it did not breach the Policy when it denied coverage based on the Policy's notice provision and the Policy's workmanship exclusion. "A breach of express contract claim arises out of the express terms of the contract, and the breach is proven in relation to those terms." *Christiansen*

3

*v. Farmers Ins. Exchange*, 2005 UT 21, 116 P.3d 259, 261 (Utah 2005).

**A. Notice**

First, American Family argues that it did not breach the Policy when it denied coverage based on North Cove's failure to meet the Policy's provision regarding notice. The Policy provides that "[i]n the event of a loss to property that this insurance may cover" the insured must "give notice as soon as reasonably possible" to American Family or its agent.

The parties do not dispute that the alleged loss occurred in the spring of 2008. However, the parties dispute when North Cove provided notice. On April 7, 2011, North Cove made a claim for coverage to American Family for coverage under the Policy for the water damage done to the Property. While the official written notice occurred in April 2011, American Family's agent, Jordan Mehl, testified that his records showed that he received notice of the loss on December 16, 2010.

North Cove, however, claims that American Family received notice of the loss even earlier because it would have received notice of the potential loss through its defense of S&S in the S&S Suit, which began in April 2009. Although North Cove attempts to argue that the S&S Suit was a type of constructive notice to American Family, the S&S Suit would not provide American Family with notice that North Cove planned to seek coverage for the damages under its policy with American Family. The S&S Suit only provided American Family with notice of the dispute between S&S and North Cove. Throughout the briefing, North Cove attempts to treat American Family as the same party as S&S based on the S&S Suit. However, American Family was not a party in that lawsuit and its interests were not represented in that lawsuit. The S&S Suit was between S&S and North Cove. While American Family paid for S&S's defense

pursuant to an insurance policy, American Family's interests were not being represented. Counsel for S&S was acting only in S&S's interest. Moreover, S&S's duty to indemnify S&S under its policy would focus on S&S's policy, not North Cove's policy. There is no basis for concluding that American Family's involvement in defending S&S in the S&S Suit would provide American Family with notice that North Cove would make a claim against its own insurance policy based on the loss. Therefore, the earliest possible notice was December 16, 2010, when American Family's agent received notice of the loss.

North Cove also argues that a reasonable amount of time should not be determined as a matter of law by the court. The Policy provides no specific time limit, only that notice of loss be given "as soon as reasonably possible." North Cove contends that a determination of what was reasonable does not lend itself to a determination as a matter of law. American Family agrees that reasonableness may generally be a question of fact, but it asserts that what constitutes "giving notice as soon as reasonably possible" under the Policy can be determined as a matter of law in this case. Moreover, the question of whether there is coverage under an insurance contract is a question of law. *S.W. Energy Corp. v. Cont'l Ins.*, 974 P.2d 1239, 1242 (Utah 1999).

Under Utah law, "failure to give any notice or file any proof of loss required by the policy within the time specified in the policy does not invalidate a claim made by the insured, if the insured shows that it was not reasonably possible to give the notice or file the proof of loss within the prescribed time and that notice was given or proof of loss filed as soon as reasonably possible." *Utah Transit Auth. v. Liberty Mut. Ins.*, 2006 U.S. Dist. LEXIS 76694, *16 (D. Utah 2006). The court determined that an insurer is prejudiced by an untimely claim when it does not have an opportunity to investigate a current claim, participate in replacement decisions, or defend

5

its position against the loss. *Id.* at 20.

In this case, North Cove did not report a claim for loss under the Policy for over two and a half years after its alleged loss. North Cove brought legal counterclaims against S&S for these alleged damages in April 2009 but chose not to make a claim on the Policy until almost two years later. North Cove has not presented any evidence explaining why it waited over two years to make a claim for the alleged loss. North Cove also made substantial repairs to the property prior to providing notice. By the time North Cove made the claim under the Policy, North Cove had replaced and repaired the allegedly damaged property, depriving American Family of the opportunity to examine the alleged damages, investigate the damage properly, or to participate in any repair decisions. Despite North Cove's assertions to the contrary, this constitutes prejudice.

North Cove further argues that it paid insurance premiums in good faith to assure that it had coverage for the Property and it is entitled to the broadest protection reasonably understood to be provided by the Policy. North Cove relies on case law stating that "Utah law prevents an insurance company from relying on certain technical policy breaches as a basis for denying coverage." *State Farm Mut. Auto Ins. v. Green*, 89 P.3d 97, 104 (Utah 2003). This case law would be applicable if an insurance company denied a claim when the delay was minor and there was no prejudice. However, the court finds it inapplicable to the factual circumstances in this case. North Cove's significant and prejudicial delay in making a claim was not merely a technical policy breach.

The court concludes that North Cove's delay in making a claim bars coverage under the Policy for the claimed damages. North Cove's claim did not meet the Policy requirement to provide notice in the event of a loss as soon as reasonably possible. Based on North Cove's

prolonged delay in reporting the claim, and its prejudicial actions prior to making the claim, the court concludes that there is no coverage under the Policy. Accordingly, American Family did not breach the Policy when it denied coverage based on the notice provision. The court, therefore, grants American Family summary judgment on North Cove's breach of contract cause of action.

### B. Workmanship Exclusion

Because of the court's decision granting summary judgment on the notice provision, the court need not address American Family's separate basis for summary judgment under the Policy's workmanship exclusion.

## 2. Implied Covenant of Good Faith and Fair Dealing

American Family also seeks summary judgment on North Cove's claim for breach of the implied covenant of good faith and fair dealing. Based on the court's ruling above regarding the Policy's notice requirement, American Family could not have breached the implied covenant of good faith and fair dealing because the undisputed facts show that North Cove's claim for coverage was precluded by the Policy. In first-party insurance claims, the Utah Supreme Court has explained the "implied covenant of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim." *Prince v. Bear River Mut. Ins.*, 2002 UT 68, ¶ 27. If an insurer denies an insured's claim that is "fairly debatable, the insurer is entitled to debate it and cannot be held to have breached the implied covenant if it chooses to do so." *Id.* at ¶ 28.

In this case, American Family rightly denied coverage under the Policy based on North

Cove's delay in making the claim. Therefore, there can be no breach of the implied covenant of good faith and fair dealing, and the court grants American Family summary judgment on this claim.

## 3. Punitive Damages

American Family asserts that North Cove's punitive damages claim is improper and must be dismissed as a matter of law. In Utah, "the relationship between an insurer and its insured in the first-party context is contractual rather than fiduciary." *Billings v. Union Bankers, Inc. Co.*, 918 P2d 461, 464-65 (Utah 1996). An alleged "breach of those implied or express duties can give rise only to a cause of action in contract, not one in tort." *Beck v. Farmers Ins. Exchange*, 701 P.2d 795, 801 (Utah 1985). "[P]unitive damages are recoverable only for torts, not for breach of contract." *Smith v. Grand Canyon Expeditions Co.*, 2003 UT 57, ¶ 29m 84 P.3d 1154. Therefore, Utah law does not allow for punitive damages in a first-party bad faith action. Any duty American Family owed to North Cove was contractual rather than fiduciary. Accordingly, the court grants American Family's motion for summary judgment.

## 4. Unjust Enrichment

Finally, American Family argues that North Cove cannot recover under unjust enrichment when a written contract exists between the parties. *Five F, LLC v. Heritage Sav. Bank*, 2003 UT App. 373, ¶ 24, 81 P.3d 105. North Cove alleges that American Family was unjustly enriched because it accepted insurance premiums but denied coverage under the Policy. However, the enforceable written contract makes the claim for unjust enrichment unavailable. Therefore, the court grants American Family's motion for summary judgment on North Cove's unjust enrichment claim.

## CONCLUSION

Based on the above reasoning, American Family's Motion for Summary Judgment is GRANTED. Because this decision rules on all of North Cove's claims, the Clerk of Court is directed to close the case and enter judgment in favor of American Family.

Dated this 19th day of June, 2014.

BY THE COURT:

Dale A. Kimball,
United States District Judge